UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ABRAHAM CASTILLO, *individually and dba* CHIVAS DE GUADALJARA BIRREIRIA, <br><br> Defendants. | Case No. 14-cv-02391-BAS(RBB) <br><br> **ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** <br><br> (ECF No. 11) |

On June 9, 2015, the Court issued an order granting Plaintiff's motion for default judgment. (ECF No. 9.) The Clerk of Court entered judgment on the same day. (ECF No. 10.) On July 7, 2015, Plaintiff filed a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. (ECF No. 11.) No opposition was filed. For the following reasons, the Court **DENIES** Plaintiff's motion.

I.   **LEGAL STANDARD**

Rule 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and

conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citation omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see also Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Kona Enters., Inc.*, 229 F.3d at 890. However, a Rule 59(e) motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *Kona Enters., Inc.*, 229 F.3d at 890. It does not give parties a "second bite at the apple." *See Weeks v. Bayer*, 246 F.3d 1231, 1236-37 (9th Cir. 2001). "[A]fter thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. *Ausmus v. Lexington Ins. Co.*, No. 08-CV-2342-L, 2009 WL 2058549, at *2 (S.D. Cal. July 15, 2009) (Lorenz, J.).

## II.   DISCUSSION

Plaintiff first argues reconsideration is appropriate because the Court's award of $1,000 in statutory damages "is insufficient to function as an effective deterrent." (ECF No. 11-1 ("Mot.") at pp. 3-4.) Next, Plaintiff argues reconsideration is appropriate because the Court relied, in part, on Northern District of California cases awarding minimal damages, which "are out of sync with other districts in the United States." (*Id.* at pp. 5-7.) Lastly, Plaintiff argues reconsideration is proper because, although the Court exercised its discretion to deny enhanced damages, there exists legal and factual authority to make such an award. (*Id.* at pp. 8-10.)

The Court finds Plaintiff's arguments unpersuasive. While Plaintiff may disagree with the Court's award, Plaintiff does not present any newly discovered evidence or demonstrate that the Court committed clear error, its decision was manifestly unjust, or that there was an intervening change in controlling law. Rule 59(e) is "an extraordinary remedy" and the Court does not find it appropriate to grant

1  such relief in this case.  *See Kona Enters., Inc.*, 229 F.3d at 890.  Accordingly,
2  Plaintiff's motion to alter or amend the judgment under Rule 59(e) is denied.
3  **III.   CONCLUSION & ORDER**
4     Because Plaintiff fails to demonstrate entitlement to reconsideration, the Court
5  **DENIES** the motion to alter or amend the judgment.  (ECF No. 11.)
6     **IT IS SO ORDERED.**
7
8  DATED:  August 10, 2015

   Hon. Cynthia Bashant
   United States District Judge